**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

CASE NO.: 1:20-cv-22791-BLOOM/LOUIS

VILMA MARQUEZ,

    Plaintiff,

vs.

NATIONAL FIRE & MARINE
INSURANCE COMPANY,

    Defendant.

_____/

**ORDER**

**THIS MATTER** is before the Court on Defendant National Fire & Marine Insurance Company's Expedited Motion to Compel Entry Upon Land for Inspection and for Award of Attorney's Fees and Costs (ECF No. 15). The Honorable Beth Bloom, United States District Judge, has referred all discovery disputes to the undersigned (ECF No. 12). Upon consideration of the Motion, response in opposition, and reply, the Motion is granted in part and denied in part, as follows.

In this insurance coverage dispute, Plaintiff first made a claim to Defendant regarding a roof leak on June 12, 2019 (ECF No. 15 at 2). An adjustor inspected the damaged property on June 18, 2019 (*id.*). Following this inspection, Defendant issued a payment to Plaintiff for covered losses (*id.*). On November 19, 2020, Plaintiff filed this action alleging that Defendant failed to pay Plaintiff the full amount owed under the insurance policy (ECF No. 1-1).

Pursuant to the insurance policy, the insured has the duty to protect property from further damage. Specifically, the policy provides:

> C. Duties After Loss
>
> In case of a loss to covered property, we have no duty to provide coverage under this policy if the failure to comply with the following duties is prejudicial to us. These duties must be performed either by you, an "insured" seeking coverage, or a representative of either:
>
> 4. Protect the property from further damage. If repairs to the property are required, you must:
>
>  a. Make reasonable and necessary repairs to the property; and
>
>  b. Keep an accurate record of repair expenses.

(ECF No. 1-1 at 71). After this action was filed, on December 24, 2019, Plaintiff hired Total Quality Restoration ("TQR") to place a tarp on the damaged portion of the roof in an effort to mitigate further roof damage (ECF No 17 at 3). Plaintiff submitted TQR's invoice for the tarp to Defendant, who promptly paid it (ECF No 15 at 3). On April 27, 2020, after the initial tarp failed, Plaintiff hired Krystal Care to tarp the roof (ECF No. 17 at 3-4). Krystal Care's $28,256.56 invoice for tarping the roof was submitted to Defendant (ECF Nos. 15 at 3; 15-4).

Defendant now intends to inspect the roof on November 16, 2020, and seeks an order compelling Plaintiff to remove the tarps. In response, Plaintiff avers that the removal of the tarp may not even be necessary as Defendant can perform the inspection by accessing the attic and home's interior, as well as reviewing the numerous photographs taken by Defendant and photographs produced by Plaintiff, TQR, and Krystal Care. However, Plaintiff contends that if Defendant wants to look under the tarp, Defendant should be required to remove the tarp in a commercial reasonable manner and, if necessary, replace the tarp with a tarp of like kind and quality at Defendant's expense. In Reply, Defendant fails to address Plaintiff's proposal that the inspection be performed without destruction to the protective covering. Defendant argues that Plaintiff should bear the cost of the inspection but if the Defendant is required to bear that expense,

Plaintiff's expert should be forbidden from examining the roof while uncovered.

Under Federal Rule of Civil Procedure 26, "a court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense" including the issuance of an order that specifies the allocation of expenses for discovery. Fed. R. Civ. P. 26(c)(1)(b). The undersigned finds that having to remove and replace the tarp to enable Defendant to conduct its inspection would cause Plaintiff undue burden and expense. The Plaintiff properly took steps to mitigate further damage to the roof, as required under the policy, and has suggested alternatives to obtain the sought-after information. Furthermore, the Defendant already conducted an inspection prior to the tarping of the roof. *See Schulte v. NCL (Bahamas) Ltd.*, No. 10-23265-CIV, 2011 WL 256542, at *5 (S.D. Fla. Jan. 25, 2011) (finding plaintiff should bear the cost of a second inspection as plaintiff already had an opportunity to inspect).

Defendant's reliance on *Paxton v. Great Am. Ins. Co.*, No. 08-81431-CIV, 2009 WL 10667076, at *4 (S.D. Fla. Nov. 10, 2009), report and recommendation adopted, No. 08-81431-CIV, 2009 WL 10667077 (S.D. Fla. Dec. 3, 2009) is misplaced as the case is distinguishable on many important aspects, save one, discussed below. In finding that the inspection of the house *interior* was not duplicative of earlier inspections of the house's roof, the court further observed the absence of any burden to plaintiff in permitting the inspection, other than the inspection itself. There is no representation in the Motion that the scheduled inspection is for the purpose of inspecting any portion of the roof not previously examined. There is, by comparison, a very specific burden articulated by Plaintiff: a cost to replace the shrink wrap of approximately $28,000.

Again, Defendant has not indicated in Reply whether or why Plaintiff's proposal for inspection from interior, without removal of the tarp, is an inadequate alternative to its removal. Nor has Defendant demonstrated its need to conduct an apparently duplicative inspection that

would result in a replacement cost to Plaintiff similar to the cost incurred for the earlier shrink wrap application. Accordingly, Defendant's motion is granted, in part; if Defendant insists on an inspection that requires removal of the shrink wrap, Defendant will bear the cost to repair or replace it. Alternatively, Defendant may conduct the inspection of the property without disturbing the tarp.

As the court concluded in *Paxton*, no fees will be shifted for the pursuit of this Motion pursuant to Fed. R. Civ. P. 37(a)(5).

**DONE** and **ORDERED** in Chambers at Miami, Florida this 13th day of November, 2020.

_____
LAUREN LOUIS
UNITED STATES MAGISTRATE JUDGE