UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 20-cv-22791-BLOOM/Louis

VILMA MARQUEZ,

    Plaintiff,

v.

NATIONAL FIRE AND MARINE
INSURANCE COMPANY,

    Defendant.
_____/

## ORDER ON MOTION *IN LIMINE*

**THIS CAUSE** is before the Court upon Plaintiff Vilma Marquez's ("Plaintiff") Motion *in Limine* to Exclude any Reference to or Evidence or Testimony About any Prejudice Allegedly Caused by Roof Shrink Wrap, ECF No. [34] ("Motion"). Defendant National Fire and Marine Insurance Company ("Defendant") filed a response in opposition, ECF No. [42] ("Response"), to which Plaintiff replied, ECF No. [44] ("Reply"). In addition, on July 7, 2021, the Court held a hearing on the Motion, among others, and considered further argument. *See* ECF No. [57]. The Court has carefully reviewed the Motion, all opposing and supporting submissions, any relevant exhibits, the record in this case, the applicable law, and is otherwise fully advised. For the reasons set forth below, Plaintiff's Motion is granted in part and denied in part.

**I.  BACKGROUND**[1]

In the instant Motion, Plaintiff moves to preclude Defendant from introducing any evidence or testimony regarding how the shrink wrap roof cover allegedly prejudiced Defendant's experts, John Carroll, P.E., and Michael Lukis, during their investigation of the insured property. Defendant

---

[1] The Court assumes the parties' familiarity with the facts of this case. *See* ECF No. [71].

responds that it agrees with Plaintiff's Motion as it relates to Mr. Carroll, but that it disagrees with the requested relief as it relates to Michael Lukis.

## II. LEGAL STANDARD

"In fairness to the parties and their ability to put on their case, a court should exclude evidence *in limine* only when it is clearly inadmissible on all potential grounds." *United States v. Gonzalez*, 718 F. Supp. 2d 1341, 1345 (S.D. Fla. 2010). "The movant has the burden of demonstrating that the evidence is inadmissible on any relevant ground." *Id.* "Unless evidence meets this high standard, evidentiary rulings should be deferred until trial so that questions of foundation, relevancy, and potential prejudice may be resolved in proper context." *In re Seroquel Prods. Liab. Litig.*, Nos. 6:06-md-1769-Orl-22DAB, 6:07-cv-15733-Orl-22DAB, 2009 WL 260989, at *1 (M.D. Fla. Feb. 4, 2009). Likewise, "[i]n light of the preliminary or preemptive nature of motions in limine, 'any party may seek reconsideration at trial in light of the evidence actually presented and shall make contemporaneous objections when evidence is elicited.'" *Holder v. Anderson*, No. 3:16-cv-1307-J-39JBT, 2018 WL 4956757, at *1 (M.D. Fla. May 30, 2018) (quoting *Miller ex rel. Miller v. Ford Motor Co.*, No. 2:01-cv-545-FtM-29DNF, 2004 WL 4054843, at *1 (M.D. Fla. July 22, 2004)); *In re Seroquel Prod. Liab. Litig.*, 2009 WL 260989, at *1 ("The court will entertain objections on individual proffers as they arise at trial, even though the proffer falls within the scope of a denied motion *in limine*." (citing *United States v. Connelly*, 874 F.2d 412, 416 (7th Cir. 1989))).

"Evidence is admissible if relevant, and evidence is relevant if it has any tendency to prove or disprove a fact of consequence." *United States v. Patrick*, 513 F. App'x 882, 886 (11th Cir. 2013) (citing Fed. R. Evid. 401, 402); *see also* Fed. R. Evid. 401 advisory committee's note to 1972 proposed rules ("The standard of probability under the rule is more probable than it would

be without the evidence." (internal quotation marks omitted)). Relevant evidence may nonetheless be excluded under Rule 403 "if its probative value is substantially outweighed by a danger of . . . unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403. "Rule 403 is an extraordinary remedy which the district court should invoke sparingly, and the balance should be struck in favor of admissibility." *Patrick*, 513 F. App'x at 886 (internal quotation marks omitted) (quoting *United States v. Lopez*, 649 F.3d 1222, 1247 (11th Cir. 2011)). Rule 403's "major function . . . is limited to excluding matter of scant or cumulative probative force, dragged in by the heels for the sake of its prejudicial effect." *United States v. Grant*, 256 F.3d 1146, 1155 (11th Cir. 2001).

### III. DISCUSSION

In the instant Motion, Plaintiff seeks to exclude any evidence or testimony of any prejudice that the shrink wrap caused Defendant's experts. At the outset, Defendant has agreed to the relief requested in the Motion as it relates to John Carroll and the Motion is granted as to this expert. Regarding Mr. Lukis, however, the Court concludes that it cannot categorically exclude this line of questioning without first having the benefit of hearing the testimony in context at trial. Indeed, as Plaintiff notes, she is unsure whether Defendant will even attempt to elicit testimony regarding any prejudice caused by the shrink wrap roof covering. Moreover, the Court can certainly envision a scenario where Plaintiff opens the door to testimony regarding Mr. Lukis's inability to access the roof for inspection when developing his rebuttal opinions. This questioning could conceivably result in Defendant's need to address Plaintiff's installation of the shrink wrap and the potential "prejudice" caused by limited or no to access to the roofing system itself. The Court will not grant a motion *in limine* in a vacuum. Thus, until the nature of such testimony is known, the Motion is denied as premature. *See In re Seroquel Prod. Liab. Litig.*, 2009 WL 260989, at *1 (M.D. Fla. Feb.

4, 2009) ("[E]videntiary rulings should be deferred until trial so that questions of foundation, relevancy, and potential prejudice may be resolved in proper context. It is the better practice to wait until trial to rule on objections when admissibility substantially depends upon what facts may be developed there." (citation omitted)).

### IV. CONCLUSION

Accordingly, it is **ORDERED AND ADJUDGED** that Plaintiff's Motion *in Limine* to Exclude any Reference to or Evidence or Testimony About any Prejudice Allegedly Caused by Roof Shrink Wrap, **ECF No. [34]**, is **GRANTED in part and DENIED in part**.

**DONE AND ORDERED** in Chambers at Miami, Florida, on August 4, 2021.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record