UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No.: 1:20-cv-22791-BB

VILMA MARQUEZ,

    Plaintiff,
vs.

NATIONAL FIRE & MARINE
INSURANCE COMPANY,

    Defendant.
_____/

## REPORT AND RECOMMENDATION

**THIS MATTER** came before the Court upon Plaintiff's Motion for Bill of Costs ("Motion) (ECF No. 153). This matter was referred to the undersigned United States Magistrate Judge, pursuant to 28 U.S.C. § 636(b)(1)(A) and the Magistrate Judge Rules of the Local Rules of the Southern District of Florida, by the Honorable Beth Bloom, United States District Judge, for a Report and Recommendation (ECF No. 155). Defendant filed a Response (ECF No. 158), to which Plaintiff filed a Reply (ECF No. 161). The Court has carefully reviewed the Motion, Response, and Reply, and is otherwise duly advised in the premises. Upon consideration, the undersigned recommends that the Motion be **GRANTED** as follows.

    **I.**    **BACKGROUND**

On November 13, 2019, Plaintiff initiated this action in the Circuit Court of the Eleventh Judicial Circuit in and for Miami-Dade County, Florida, against Defendant for breach of an insurance contract and declaratory relief. *See* (ECF No. 1-1 at 1–8). On January 16, 2020, Plaintiff amended her Complaint, *see* (*id*. at 131–38), asserting two counts: Count I (Declaratory Judgment) and Count II (Breach of Contract). *See generally* (*id*.). On July 7, 2020, Defendant removed the

case to federal court based upon diversity jurisdiction. *See* (ECF No. 1). On February 24, 2020, the Court granted in part and denied in part Defendant's Motion for Summary Judgment (ECF No. 71).

This matter proceeded to trial during the week of February 7, 2022. On February 11, 2022, the jury returned a verdict in favor of the Plaintiff for $136,484.46. (ECF No. 135). On February 14, 2022, this Court entered a Final Judgment in favor of Plaintiff and reserved jurisdiction to award attorney's fees and costs. (ECF No. 137). Plaintiff now seeks an award of costs.

## II.   DISCUSSION

Plaintiff filed a Bill of Costs pursuant to Federal Rule of Civil Procedure 54 (the "Rules"), Southern District of Florida Local Rule 7.3(c), and 28 U.S.C. §1920 (ECF No. 154 at 2). The Bill of Costs seeks a total of $3,284.78, which includes: $411.00 for fees of the clerk; $700.00 in fees for service of summons and subpoenas; and $2,173.78 in fees for court reporters and transcripts obtained for use in the case. Defendant agrees that Plaintiff is entitled to recover taxable costs under §1920. (*Id.* at 1).

Plaintiff, as the prevailing party, is entitled to recuperate costs associated with the litigation. Rule 54(d)(1) allows prevailing parties to receive litigation costs other than attorney's fees. There is a "strong presumption" in favor of awarding taxable costs to the prevailing party, which the challenging party has the burden to overcome. *Mathews v. Crosby*, 480 F.3d 1265, 1276 (11th Cir. 2007). Pursuant to 28 U.S.C. § 1920, a district court may tax as costs: "(1) Fees of the clerk and marshal; (2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case; (3) Fees and disbursements for printing and witnesses; (4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case; (5) Docket fees under section 1923 of this title; (6) Compensation of court-appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special

interpretation services under section 1828 of this title." "[A]bsent explicit statutory or contractual authorization, federal courts are bound by the limitations set out in 28 U.S.C. § 1920." *Arcadian Fertilizer, L.P. v. MPW Indus. Servs., Inc.*, 249 F.3d 1293, 1296 (11th Cir. 2001) (citation omitted). "The party seeking costs bears the burden of submitting a request for expenses that enables the court to determine what expenses were incurred and whether those expenses meet the proof of necessity and reasonableness under 28 U.S.C. [§] 1920." *Shave v. Stanford Fin. Grp., Inc.*, No. 07-60749-CIV, 2008 WL 3200705, at *4 (S.D. Fla. Aug. 6, 2008).

Plaintiff is entitled to the full amount request for fees of the clerk under 28 U.S.C. § 1920. Plaintiff submitted invoices showing the costs incurred. (ECF No. 153-1 at 2). Plaintiff requests $401.00 for the filing fee and $10.00 for a summons issue fee. Defendant raised no objections. Accordingly, the undersigned recommends that Plaintiff be awarded $411.00 for fees of the clerk, which covers the filing fee for removal from state to federal court.

As to fees for service of summons and subpoenas, Plaintiff submits twelve invoices that include: (1) Subpoena for Deposition of Alison Moraes – $225.00; (2) Subpoena for Deposition of Alison Moraes - $205.00; (3) Subpoena for Deposition of Michael Lukis - $275.00; (4) Subpoena for Deposition of John Carroll - $205.00; (5) Trial Subpoena for Records Custodian – Total Quality Restoration - $50.00; (6) Trial Subpoena for Records Custodian Krystal Care Restoration - $150.00; (7) Trial Subpoena for A. Brizuela - $50.00; (8) Trial Subpoena for Total Quality Restoration - $150.00; (9) Trial Subpoena for Krystal Care Restoration - $150.00; (10) Trial Subpoena for Total Quality Restoration - $75.00; (11) Trial Subpoena for Michael Lukis - $375.00; and (12) Initial Service Fee - $15.00. Plaintiff acknowledges that the fees incurred for service of the summons and subpoenas exceed that which is allowable but she seeks to recoup only that which is permitted.

The cost of serving a subpoena on a trial witness who Plaintiff could have reasonably

3

believed was "at least partially necessary to the litigation" may be taxed against the losing party. *George v. GTE Directories Corp.*, 114 F. Supp. 2d 1281, 1299 (M.D. Fla. 2000) (citing *EEOC v. W&O, Inc.*, 213 F.3d 600, 621–24 (11th Cir. 2000)); *see also Maris Distrib. Co. v. Anheuser-Busch, Inc.*, 2001 WL 862642, *1 (M.D. Fla. May 4, 2001) (awarding costs for service of subpoenas on two trial witnesses who never testified at trial). "When challenging whether costs are taxable, the losing party bears the burden of demonstrating that a cost is not taxable, unless the knowledge regarding the proposed cost is within the exclusive knowledge of the prevailing party." *See Ass'n for Disabled Americans, Inc. v. Integra Resort Mgmt., Inc.*, 385 F. Supp. 2d 1272, 1288 (M.D. Fla. 2005).

As the losing party, Defendant has to overcome the burden of challenging Plaintiff's fee requests. Here, Defendant argues that Total Quality Restoration, Krystal Care Restoration, and Michael Lukis were not called to the trial. Thus, the Court should not award Plaintiff fees as to these three witnesses. Plaintiff argues that Total Quality Restoration and Krystal Care Restoration were expected to be called at trial; however, they ultimately were not called due to time constraints. Plaintiff further argues Defendant's roofing expert, Michael Lukis, was subpoenaed because Defendant's counsel failed to indicate if they were calling Lukis as a witness. Plaintiff believed that all costs associated with these witnesses were incurred with the expectation they were reasonably necessary at trial.

Defendant falls short of meeting the burden in showing why any of the witnesses were not at least partially necessary to the litigation. Accordingly, the Court will consider these three witnesses to determine the total costs for the service of summons and subpoenas.

Under 28 U.S.C. § 1920 and 1921, private process server fees may be taxed so long as the taxable costs of the process server are limited to the statutory fees that § 1921(b) authorizes. *See EEOC v. W&O, Inc.*, 213 F.3d 600, 624 (11th Cir. 2000). Section 1921(b) states that "[t]he

Attorney General shall from time to time prescribe by regulation the fees to be taxed and collected under subsection [1921]a.  "Such fees shall, to the extent practicable, reflect the actual and reasonable cost of the service provided." 28 U.S.C. § 1921(b).

Private process fees may be taxed but must not exceed the $65.00 amount charged by the U.S. Marshal, pursuant to 28 C.F.R. § 0.114.  *See Brannon v. Finkelstein*, No. 10-61813-CIV, 2017 WL 1395171, at *13 (S.D. Fla. Feb. 1, 2017), *report and recommendation approved*, No. 10-61813-CV, 2017 WL 1452944 (S.D. Fla. Feb. 17, 2017).  Recognizing this, Plaintiff seeks to recoup no more than $65 per subpoena served--$685.00 in total in fees for service of the subpoenas.  Plaintiff additionally seeks $15.00 for the initial service on Defendant, which Defendant does not oppose.

Defendant objects to the subpoena service for the deposition of Alison Moraes ($225.00) dated August 12, 2020, arguing that it was duplicated again for $205.00 on August 25, 2020.  Plaintiff avers that service of one subpoena was made in North Carolina at Mr. Moraes' place of employment, whereas the other subpoena was made on him personally; thus, they were not duplicative.  (ECF No. 161 at 3).  The Court finds that service of these subpoenas to assure that Mr. Moraes would be available for trial was reasonably necessary to the litigation given, as Plaintiff pointed out, his status as Defendant's field adjuster and a potential witness.  (*Id.*).

Accordingly, the undersigned recommends that the Court award Plaintiffs the costs sought in the amount of $700.00 incurred in the service of the subpoenas.

Plaintiff seeks a total of $2,173.78 in transcript and court reporter fees.  The invoices attached to the Bill of Costs indicate Plaintiff seeks fees in connection with the depositions of Defendant's corporate representative for $741.00, John Carroll, Jr., P.E. (defense expert) for $300.00, and Michael Lukis (defense expert) for $145.00, as well as transcripts from the trial testimony of Lee E. Branscome, Ph.D (defense expert) for $229.62 and John Carroll, Jr., P.E.

(defense expert) for $758.16.

The costs for deposition transcripts are taxable under 28 U.S.C. § 1920(2) so long as the transcripts were "necessarily obtained for use in the case." *U.S. E.E.O.C. v. W&O, Inc.*, 213 F.3d 600, 620–21 (11th Cir. 2000). "Because the parties presumably have equal knowledge of the basis for each deposition," the party who challenges the proposed costs "bears the burden of showing that specific deposition costs or a court reporter's fee was not necessary for use in the case or that the deposition was not related to an issue present in the case at the time of the deposition." *George v. Fla. Dep't of Corr.*, No. 07-80019-CIV, 2008 WL 2571348, at *5 (S.D. Fla. May 23, 2008).

The cost of trial transcripts may also be recovered when such transcripts are necessary for use in the case. 28 U.S.C. § 1920(2); *see Cadle v. Geico Gen. Ins. Co.*, No. 6:13-CV-1591-ORL-31, 2015 WL 4352048, at *7 (M.D. Fla. July 14, 2015). Trial transcripts are especially necessary when used to "argue and/or respond to the post-trial motions filed in this case." *Id.*; *see Snow v. Boston Mut. Life Ins. Co.*, 2014 WL 641879, at *3 (M.D. Ala. Feb.19, 2014) (awarding costs for a trial transcript as necessary to respond to opposing party's post-trial motion); *Denton v. DaimlerChrysler Corp.*, 645 F. Supp. 2d 1215, 1228 (N.D. Ga. 2009).

Defendant has no objection to the transcript costs for depositions; however, Defendant opposes the necessity of the trial transcripts since the fees sought by Plaintiff "do not pertain to matters leading up to trial or included within trial." (ECF No. 158 at 3). Defendant asserts that the trial transcripts were ordered well after the conclusion of the trial. Plaintiff concedes this argument to be true and mistakenly believes the transcripts had been ordered earlier. However, Plaintiff contends the costs of these transcripts are still taxable as they were ordered post-trial in anticipation of Defendant's post-trial motions, which remain pending. (ECF No. 161 at 5); *see* (ECF No. 152).

Here, Plaintiff had a necessary use for the trial transcripts in response to Defendant's

6

pending post-trial motions, which center around critical issues, including statements at trial made by Mr. Carroll and Dr. Branscome that buttress the reliability of Plaintiff's causation expert, Al Brizuela, P.E. (*Id.*). As Plaintiff correctly notes, 28 U.S.C. § 1920(2) does not contain language limiting the use of transcripts "up to" or "within" trial. Accordingly, the undersigned recommends an award of $2,173.78 in transcript and court reporter fees.

### III.    RECOMMENDATIONS

For the foregoing reasons, I recommend that Plaintiff's Motion for Bill of Costs (ECF Nos. 153; 154) be **GRANTED**, and that Plaintiff be awarded a total of $3,284.78 in costs.

Pursuant to Local Magistrate Rule 4(b), the Parties have fourteen (14) days from the date of this Report and Recommendation to serve and file written objections, if any, with the Honorable Beth Bloom, United States District Judge. Failure to timely file objections shall bar the Parties from *de novo* determination by the District Judge of any factual or legal issue covered in the Report and shall bar the parties from challenging on appeal the District Judge's Order based on any unobjected-to factual or legal conclusions included in the Report. *See* 28 U.S.C. § 636(b)(1); 11th Cir. Rule 3-1; *Patton v. Rowell*, 2017 WL 443634 (11th Cir. Feb. 2, 2017); *Cooley v. Commissioner of Social Security*, 2016 WL 7321208 (11th Cir. Dec. 16, 2016).

**RESPECTFULLY SUBMITTED** in Chambers at Miami, Florida this 12th day of July, 2022.

LAUREN F. LOUIS
UNITED STATES MAGISTRATE JUDGE