UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 20-cv-22791-BLOOM/Louis

VILMA MARQUEZ,

    Plaintiff,

v.

NATIONAL FIRE AND MARINE
INSURANCE COMPANY,

    Defendant.

_____/

**ORDER ADOPTING MAGISTRATE JUDGE'S
REPORT AND RECOMMENDATION**

**THIS CAUSE** is before the Court upon Defendant National Fire & Marine Insurance Company's ("Defendant") Omnibus Post-Trial Motions on Liability and Damages, ECF No. [152] ("Omnibus Post Trial Motion"). Plaintiff filed a Response, ECF No. [170] ("Response"), to which Defendant filed a Reply, ECF No. [173] ("Reply"). The Motions were referred to United States Magistrate Judge Lauren F. Louis for a Report and Recommendation, ECF No. [155]. On August 8, 2022, Magistrate Judge Louis issued a Report and Recommendations, ECF No. [179] ("R&R"), recommending that Defendant's Omnibus Post-Trial Motion be denied. *See id.* at 11. The R&R advised the parties that objections to the R&R must be filed within fourteen (14) days of the R&R. *Id.* Defendant thereafter timely filed Objections to the Magistrate Judge's R&R, ECF No. [180] ("Objections"), and Plaintiff timely filed a Response in Opposition to the Objections. ECF No. [183] ("Response to Objections").

The Court has conducted a *de novo* review of the R&R, the Objections, and the record in this case in accordance with 28 U.S.C. § 636(b)(1)(C). *See Williams v. McNeil*, 557 F.3d 1287,

1291 (11th Cir. 2009) (citing 28 U.S.C. § 636(b)(1)). For the reasons set forth below, the Court overrules Defendant's Objections and adopts the R&R.

## I. BACKGROUND

Plaintiff Vilma Marquez brought a claim for insurance benefits owed pursuant to her homeowner's insurance policy ("Policy"). ECF No. [1-1] at 3-8, 131-136. Defendant issued the Policy to Plaintiff and her husband for their property located in Miami, Florida ("Property"). *See* ECF No. [133-1]. During the Policy period, the Property sustained a covered loss. *See* ECF No. [1-1] at 3-8, 131-136. Plaintiff thereafter filed suit, alleging that Defendant breached the Policy by failing or refusing to properly adjust and pay her claim. ECF No. [1-1] at 3-8; 131-136. Defendant asserted that Plaintiff was not entitled to recover under the Policy for a number of reasons, including that Plaintiff had not made any repairs to the Property and therefore did not incur the costs she sought to recover, as required by the Policy language. *See id.* at 151-156.

During the course of the proceedings, Plaintiff retained a cause, origin, and damage expert, Alfredo Brizuela ("Brizuela"), who determined that the damage to Plaintiff's Property resulted from strong wind forces, a full roof replacement was necessary, and the cost to replace was $136,484.46. ECF No. [133-9]. Defendant moved to strike certain testimony of Brizuela, ECF No. [29] ("Motion to Strike"), arguing that Brizuela's testimony did not meet the *Daubert* criteria. *See id*; *Daubert v. Merrell Dow Pharms.*, Inc., 509 U.S. 579, 113 S. Ct. 2786 (1993). Defendant argued that because Brizuela relied primarily on a CoreLogic report, which he himself did not create and could not explain the methodology behind, his testimony should be stricken. ECF No. [29] at 7-8. Defendant also moved for summary judgment raising, among other arguments, a deficiency in Plaintiff's damages claim which relied on Brizuela's estimate for the cost to repair Plaintiff's Property. ECF No. [32] at 9. Defendant argued that since Brizuela's estimate contained the cost to

fully replace Plaintiff's roof, and not an actual cash value estimate, it was not appropriate as Plaintiff was not entitled to any replacement cost since the repairs to the Property had not been performed. *Id*.

The Court denied Defendant's Motion to Strike, ECF No. [57], and thereafter denied in part Defendant's Motion for Summary Judgment, ECF No. [71]. In the Order on Summary Judgment, the Court agreed with Defendant that Plaintiff was unable to seek replacement costs as no repairs were performed. Hoewever, under Florida law, the replacement cost was still relevant to the jury's ultimate determination on damages, as the actual cash value is derived from the full replacement cost. *Id.* at 13. Because Brizuela's estimate supported Plaintiff's theory that the actual cash value of the loss exceeded what Defendant paid, that portion of the Defendant's Motion was denied. *Id.* at 14.

The case proceeded to trial and the jury returned a verdict in favor of the Plaintiff for $136,484.46. ECF No. [135]. The Court thereupon entered a Final Judgment in favor of Plaintiff. ECF No. [137]. Defendant filed its Omnibus Post Trial Motion, in which Defendant renewed its Motion for Judgment as a Matter of Law pursuant to Fed. R. Civ. P. 50(b) and moved to alter or amend the judgment or for a new trial pursuant to Fed. R. Civ. P. 59(a). ECF No. [152]. As stated, the Court referred Defendant's Omnibus Post Trial Motion to Magistrate Judge Louis for a R&R. ECF No. [155].

On August 8, 2022, Magistrate Judge Louis issued her R&R in which she recommended that Defendant's Omnibus Post Trial Motion be denied. ECF No. [179]. Defendant filed its Objections to the R&R, in which it asserts that the R&R "relie[d] on incorrect statements of the record evidence" and "impermissibly defer[ed] to the jury's verdict" which rested on "a specific expert opinion derived from a methodology that has not been established as reliable" and where

the jury failed to heed the Court's instructions on damages. ECF No. [180]. Plaintiff responds that Defendant simply re-raises in its Objections the same arguments that have already been rejected by this Court and Magistrate Judge Louis in the R&R. ECF No. [183].

## II.     LEGAL STANDARD

### a.     Objections to Magistrate Judge's R&R

"In order to challenge the findings and recommendations of the magistrate judge, a party must file written objections which shall specifically identify the portions of the proposed findings and recommendation to which objection is made and the specific basis for objection." *Macort v. Prem, Inc.*, 208 F. App'x 781, 783 (11th Cir. 2006) (quoting *Heath v. Jones*, 863 F.2d 815, 822 (11th Cir. 1989)) (alterations omitted). The objections must also present "supporting legal authority." S.D. Fla. L. Mag. J.R. 4(b). The portions of the report and recommendation to which an objection is made are reviewed *de novo* only if those objections "pinpoint the specific findings that the party disagrees with." *United States v. Schultz*, 565 F.3d 1353, 1360 (11th Cir. 2009); *see also* Fed. R. Civ. P. 72(b)(3). If a party fails to object to any portion of the magistrate judge's report, those portions are reviewed for clear error. *Macort*, 208 F. App'x at 784 (quoting *Johnson v. Zema Sys. Corp.*, 170 F.3d 734, 739 (7th Cir. 1999)); *see also Liberty Am. Ins. Grp., Inc. v. WestPoint Underwriters, L.L.C.*, 199 F. Supp. 2d 1271, 1276 (M.D. Fla. 2001). "It is improper for an objecting party to ... submit [ ] papers to a district court which are nothing more than a rehashing of the same arguments and positions taken in the original papers submitted to the Magistrate Judge. Clearly, parties are not to be afforded a 'second bite at the apple' when they file objections to an R & R." *Marlite, Inc. v. Eckenrod*, No. 10-23641-CIV, 2012 WL 3614212, at *2 (S.D. Fla. Aug. 21, 2012) (quoting *Camardo v. Gen. Motors Hourly-Rate Emps. Pension Plan*, 806 F. Supp. 380,

382 (W.D.N.Y. 1992)). A district court may accept, reject, or modify a magistrate judge's report and recommendation. 28 U.S.C. § 636(b)(1).

### b. Judgment as a Matter of Law

"[A] court should render judgment as a matter of law when there is no legally sufficient evidentiary basis for a reasonable jury to find for that party on that issue. . . . We review all of the evidence in the record and draw all reasonable inferences in favor of the nonmoving party." *Gowski v. Peake*, 682 F.3d 1299, 1310 (11th Cir. 2012) (citations omitted). "[I]f there is substantial conflict in the evidence, such that reasonable and fair-minded persons in the exercise of impartial judgment might reach different conclusions, the motion must be denied." *Id*. at 1311 (citing *Christopher v. Florida*, 449 F.3d 1360, 1364 (11th Cir. 2006)). Simply put, "judgment as a matter of law is appropriate only if the facts and inferences point so overwhelmingly in favor of one party that reasonable people could not arrive at a contrary verdict." *Brown v. Alabama Dep't of Transp.*, 597 F.3d 1160, 1173 (11th Cir. 2010) (citation and internal quotation marks omitted).

### c. New Jury Trial

Among other relief, a court may grant a new jury trial under Rule 59 "for any reason for which a new trial has heretofore been granted in an action at law in federal court." Fed. R. Civ. P. 59(a). For instance, a party may assert that "the verdict is against the weight of the evidence, that the damages are excessive, or that, for other reasons, the trial was not fair to the party moving." *Montgomery Ward & Co. v. Duncan*, 311 U.S. 243, 251 (1940). Thus, a motion for new trial should be granted "when the verdict is against the clear weight of the evidence or will result in a miscarriage of justice, even though there may be substantial evidence which would prevent the direction of a verdict." *Brown v. Sheriff of Orange Cnty., Fla.*, 604 F. App'x 915 (11th Cir. 2015) (per curiam) (quoting *Lipphardt*, 267 F.3d at 1186); *see Tucker v. Hous. Auth. of Birmingham*

5

*Dist.*, 229 F. App'x 820, 826 (11th Cir. 2007) ("[N]ew trials should not be granted on evidentiary grounds unless, at a minimum, the verdict is against the great – not merely the greater – weight of the evidence."); *Dudley v. Wal-Mart Stores, Inc.*, 166 F.3d 1317, 1320 n.3 (11th Cir. 1999) (holding that, because a "less stringent standard applies to a motion for a new trial than to a motion for a judgment as a matter of law," the failure to meet the Rule 59 standard is fatal to the Rule 50(b) standard) (citation omitted).

    **d. Alter or Amend Judgment**

A motion to alter or amend a judgment under Rule 59 must be filed no later than 28 days after the entry of judgment. Fed. R. Civ. P. 59(e). However, the United States Supreme Court and the Court of Appeals for the Eleventh Circuit have made it clear that Rule 59(e) "may not be used to relitigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment." *Exxon Shipping Co. v. Baker*, 554 U.S. 471, 485 n.5 (2008); see also *Stansell v. Revolutionary Armed Forces of Colombia*, 771 F.3d 713, 746 (11th Cir. 2014); *In re Kellogg*, 197 F.3d 1116, 1119 (11th Cir. 1999) (recognizing that Rule 59(e) motions may only be granted based on "newly-discovered evidence or manifest errors of law or fact."); *Arthur v. King*, 500 F.3d 1335, 1343 (11th Cir. 2007) ("A Rule 59(e) motion cannot be used to relitigate old matters, raise argument or present evidence that could have been raised prior to the entry of judgment."). "A motion for relief under Rule 59(e) is a matter committed to the discretion of the district court." *Bland v. Alabama*, No. 2:15-CV-0029-MHH-JEO, 2016 WL 10930989, at *1 (N.D. Ala. Oct. 6, 2016) (citing *Stansell*, 771 F.3d at 746).

**III.    ANALYSIS**

Defendant raises two objections to the R&R: (1) The R&R rests on the wrongful assumption that Plaintiff's expert, Brizuela, relied on multiple sources to reach his opinion as to

causation; and (2) the R&R impermissibly deferred to the jury's verdict where the jury undeniably awarded the replacement cost of a new roof in violation of the Court's instructions that damages could be awarded only for actual damages. The Court addresses each of Defendant's objections.

    a. **Expert Testimony**

Defendant first argues that the R&R impermissibly assumed that Brizuela relied on sources other than the CoreLogic report in reaching his opinions. ECF No. [180] at 1-2. Defendant asserts that none of the other evidence contemplated by Brizuela could have allowed him to arrive at his key conclusion, that wind speeds were 62 miles per hour at Plaintiff's Property on May 6, 2019. *Id.* at 3. Defendant further asserts that it was prejudiced by Brizuela's impermissibly admitted expert testimony. *Id.* Plaintiff responds that the R&R already considered this argument; Defendant's original Omnibus Post Trial Motion raised the argument about Brizuela's testimony that is simply rehashed in Defendant's Objections. ECF No. [183] at 2 n. 1, 5. Plaintiff further contends that the R&R correctly determined that Brizuela's expert testimony did not warrant a directed verdict or new trial, as his methodology was reliable and the CoreLogic report was only one of multiple sources Brizuela used to draw his conclusions. ECF No. [183] at 8. The Court agrees with Plaintiff and adopts the findings in the R&R.

Defendant's first objection to the R&R puts forth the same argument Defendant asserted in its Motion to Strike as well as in its Omnibus Post Trial Motion. *See* ECF No. [29]; ECF No. [152]; ECF No. [180]. In each filings Defendant argued that Brizuela relied on the CoreLogic report which he did not generate and cannot explain the methodology behind. Since that was the only evidence to support his opinion that wind speeds were high enough on May 6, 2019 to cause the reported damage to Plaintiff's Property, Brizuela's opinion is not reliable. *See id*.

The R&R considered and fairly addressed Defendant's argument that Brizuela's testimony was unreliable as it lacked a scientifically reliable methodology for establishing wind speeds. *See* ECF No. [179] at 3-5, 7, 10. The R&R specifically found that Brizuela's opinion was "informed not only by CoreLogic data but additionally considered sources such as thermal, historical, and aerial photographs of the damage including images captured by drones; a physical inspection of the roof to determine the extent of damage to the roof membrane, and information from the National Weather Service." *Id*. at 4-5. The R&R also highlighted that Brizuela testified that CoreLogic is accepted in the forensic engineering industry and scientific community, that he employed engineering and construction principles, his in-depth knowledge of construction materials and damages along with his over forty years of experience to generate his opinions. *Id*. at 5. The R&R specifically found that "Brizuela also stated that his opinion would have been the same regardless of the CoreLogic report." *Id.* Judge Louis found that upon a thorough review of the evidence presented at trial and drawing all reasonable inferences in favor of Plaintiff, as the non-moving party, there is no legally sufficient evidentiary basis to grant Defendant's Motion for Judgment as a Matter of Law. *Id.* at 5. Furthermore, Judge Louis concluded that the jury's verdict was not against the clear or great weight of the evidence and recommended that Defendant's Motion for a New Trial be denied. *Id*. at 10-11.

The Court points out that Defendant's objection is improper, as it simply rehashes an argument included in its original briefing. Nevertheless, the Court has conducted a review of the record, transcripts, and all exhibits admitted at trial. Contrary to Defendant's assertion that Brizuela's testimony was premised entirely on a CoreLogic report, Brizuela testified both at the July 7, 2021 hearing and at trial that his conclusions were premised on multiple sources. *See* ECF No. [59] at 3-15; ECF No. [164] at 6-17, 145-165. At trial, Brizuela testified that he relied on the

CoreLogic report and National Oceanic and Atmospheric Administration data collected at the Kendall-Tamiami Executive Airport and Miami International Airport to calculate the relevant wind forces. ECF No. [164] at 11-12, 146. Brizuela explained that it is industry custom for engineers to rely on those data sources. *Id*. In addition, Brizuela photographed Plaintiff's Property using a thermal camera, photographed it again with a drone, and conducted two physical inspections. ECF No. [163] at 207; ECF No. [164] at 13, 18. On cross-examination, Defendant questioned Brizuela at length on his lack of knowledge about the proprietary method used to generate the CoreLogic report in the presence of the jury. ECF No. [164] at 158-162. In closing argument at trial, Defendant further reiterated that Brizuela relied on the CoreLogic report without having created it himself or knowledge of the methodology used to create it. ECF No. [166] at 129. At trial, the jury also heard from defense expert Lee Bascome who presented an opinion contrary to that offered by Brizuela. *See* ECF No. [165] at 242-260.

The Court has considered the evidence presented and finds that the verdict was well supported. Even considering the competing theories presented by Plaintiff and Defendant, where there is a substantial conflict in the evidence such that fair-minded persons might reach different conclusions, judgment as a matter of law is not appropriate. *Gowski v. Peake*, 682 F.3d 1310. The verdict is similarly not contrary to the clear or great weight of the evidence. *See Hewitt v. B.F. Goodrich Co.*, 732 F.2d 1554, 1556 (11th Cir. 1984). The Court therefore adopts the finding of the R&R and overrules the objection.

### b. Deference to the Jury Verdict

Defendant's second objection is that the R&R impermissibly deferred to the jury's verdict where the jury undeniably awarded the replacement cost of a new roof in violation of the Court's instructions that damages only could be awarded for direct physical damage to the roof. ECF No.

[180] at 4. Plaintiff responds that the jury heard testimony regarding the extensive damage to the roof and other areas of the home and estimates from multiple experts on the replacement cost of the roof, giving the jury a reasonable basis for its verdict. ECF No. [183] at 11-12.

The R&R found that the jury had the right to weigh the testimony of Brizuela, Defendant's expert, other testimony, and the entire record evidence in their determination of the actual cash value of the physical direct damage to Plaintiff's Property; and the verdict reflects the jury's factual findings with respect to damages. ECF No. [179] at 8. Accordingly, the R&R recommends the verdict and final judgment stand. *Id*. at 9.

As set forth in its Omnibus Post Trial Motion, Defendant relies on *Alphamed Pharm. v. Arriva Pharm.*, 432 F. Supp. 2d 1319, 1358 (S.D. Fla. 2006) to support its contention that the R&R afforded undue deference to the jury verdict. ECF No. [180] at 5-6. There, the Court found that the Plaintiff failed to "prove the fact of damage—i.e., that it would have earned a profit (of any amount) but for [the defendant's] conduct" and therefore "there [wa]s no reasonable basis for the jury's compensatory damage award in th[at] matter." *Alphamed Pharm.* at 1352.

Upon review, the authority Defendant cites is inapposite and does not instruct that the R&R applied the incorrect standard of deference to the jury's award. In *Alphamed Pharm.*, the Court articulated that while the Court affords deference to a jury's findings, a jury verdict is not entitled to rely on unreasonable inferences. *Id.* at 1333. This is consistent with the standard articulated in the R&R. *See* ECF No. [179] at 5-6. The jury is, of course, the traditional finder of the facts, and its verdict must stand unless [the losing party] can show that there is no substantial evidence to support it, considering the evidence in the light most favorable to [the prevailing party], and clothing it with all reasonable inferences to be deduced therefrom." *Liberty Mut. Ins. Co. v. Falgoust,* 386 F. 2d 248, 253 (5th Cir. 1967). "It is not the function of the [district] court, however,

10

to weigh the conflicting evidence, judge the credibility of witnesses and arrive at a conclusion opposite from the one reached by the jury, where there is a reasonable basis in the record for the jury's verdict." *Id*.

At trial, Defendant objected to the admission of Brizuela's estimate of the cost to repair the damage to Plaintiff's property on hearsay grounds and argued that the lack of depreciation calculations in Brizuela's estimate did not provide the actual cash value of the damage and therefore was unduly prejudicial. ECF No. [164] at 57-63. That objection was overruled. *Id*. The jury was presented with multiple sources of testimony on damages including Plaintiff, Plaintiff's expert Brizuela, and Defendant's own experts detailing the actual damage to Plaintiff's roof and the interior of Plaintiff's home. *See* ECF No. [163]; ECF No. [164]; ECF No. [165]. Moreover, the jury was also presented with pictorial evidence of that damage. *See* ECF No. [163]; ECF No. [133]. In light of the evidence presented, there was a reasonable basis for this jury's compensatory damage award.

Furthermore, the Court properly instructed the jury to limit the recoverable damages to the actual cash value of those items that suffered direct and physical damage, not the replacement cost value. ECF No. [166] at 95-96; 158-159.[1] The Court presumes the jury followed its instructions. *See Parker v. Randolph*, 442 U.S. 62, 73 (1979) ("A crucial assumption underlying that system [of trial by jury] is that juries will follow the instructions given them by the trial judge. Were this not so, it would be pointless for a trial court to instruct a jury."); *id.* at 75 n.7 ("The 'rule'—indeed, the premise upon which the system of jury trials functions under the American judicial system—

---

[1] The relevant portion of the trial transcript reads: "The parties agree that the appropriate measure of damages in this matter is actual cash value. To calculate the amount of actual cash value, you must determine the amount of the replacement cost value. Replacement cost value is the replacement cost of the part of the building damaged with material of like kind and quality and for like use. Then, you must determine the appropriate amount of recoverable depreciation that applies to the replacement cost value. Your calculation for actual cash value is the difference between those two figures." ECF No. [166] at 95-96.

11

is that juries can be trusted to follow the trial court's instructions."). The record clearly demonstrates that the jurors understood they were to award the actual cash value rather than the replacement cost. Tellingly, during the jury deliberations, the jurors submitted a note asking "[b]ased on the estimates provided two years ago, are we able to consider inflationary percentage increases due current costs, actual costs?" ECF No. [166] at 173. While Defendant disagrees with the inferences drawn by the jury, it was not unreasonable for the jury to draw its inferences, or to award plaintiff $136,484.46, in damages. The Defendant's objection is therefore overruled.

### IV. CONCLUSION

Upon a comprehensive *de novo* review, the Court finds Magistrate Judge Louis' R&R to be well reasoned and correct on all matters.

Accordingly, it is **ORDERED and ADJUDGED** as follows:

1. The R&R, **ECF No. [179]**, is **ADOPTED**.

2. Defendant's Objections, **ECF No. [180]**, are **OVERRULED**.

3. Defendant's Omnibus Post Trial Motion, **ECF No. [152]**, is **DENIED**.

**DONE AND ORDERED** in Chambers at Miami, Florida, on October 11, 2022

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record