UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 20-cv-22791-BLOOM/Louis

VILMA MARQUEZ,

    Plaintiff,

v.

NATIONAL FIRE AND MARINE
INSURANCE COMPANY,

    Defendant.
_____/

## ORDER ON MOTION TO BIFURCATE

**THIS CAUSE** is before the Court upon Defendant National Fire & Marine Insurance Company's ("Defendant") Expedited Motion to Bifurcate Issues of Entitlement to Attorney's Fees from Amount of Award, ECF No. [191] ("Motion"). Plaintiff filed a Response in Opposition, ECF No. [193], to which Defendant filed a Reply, ECF No. [194] ("Reply"). The Court has reviewed the Motion, the Response, the Reply, the record in this case, the applicable law, and is otherwise fully advised. For the reasons set forth below the Motion is denied.

**I.    BACKGROUND**

Plaintiff Vilma Marquez brought a claim for insurance benefits owed pursuant to her homeowner's insurance policy ("Policy"). ECF No. [1-1] at 3-8, 131-136. Defendant issued the Policy to Plaintiff and her husband for their property located in Miami, Florida ("Property"). *See* ECF No. [133-1]. During the Policy period, the Property sustained a covered loss. *See* ECF No. [1-1] at 3-8, 131-136. Plaintiff thereafter filed suit, alleging that Defendant breached the Policy by failing or refusing to properly adjust and pay her claim. ECF No. [1-1] at 3-8; 131-136. Defendant asserted that Plaintiff was not entitled to recover under the Policy for a number of reasons,

including that Plaintiff had not made any repairs to the Property and therefore did not incur the costs she sought to recover, as required by the Policy language. *See id.* at 151-156.

The case proceeded to trial and the jury returned a verdict in favor of the Plaintiff for $136,484.46. ECF No. [135]. The Court thereupon entered a Final Judgment in favor of Plaintiff. ECF No. [137]. Defendant filed its Omnibus Post Trial Motion, in which Defendant renewed its Motion for Judgment as a Matter of Law pursuant to Fed. R. Civ. P. 50(b) and moved to alter or amend the judgment or for a new trial pursuant to Fed. R. Civ. P. 59(a). ECF No. [152]. The Court referred Defendant's Omnibus Post Trial Motion to Magistrate Judge Louis for a Report and Recommendation ("R&R"). ECF No. [155]. On August 8, 2022, Magistrate Judge Louis issued her R&R in which she recommended that Defendant's Omnibus Post Trial Motion be denied. ECF No. [179]. On October 13, 2023, the Court adopted the recommendations in Judge Louis's R&R. ECF No. [184].

On January 23, 2023, Plaintiff filed a Motion to Compel Reissuance of Checks. ECF No. [185]. The Court referred the Motion to Judge Louis. ECF No. [187]. On May 5, 2023, Judge Louis issued an Order denying Plaintiff's Motion to Compel Reissuance of Checks. ECF No. [189].

In its instant Motion, Defendant seeks an Order from the Court bifurcating the issues of entitlement to attorneys' fees from the amount of a potential award of attorneys' fees. ECF No. [191] at 3. In support, Defendant argues that bifurcation is appropriate because it would be more efficient "to permit the parties to fully brief the threshold issue of entitlement prior to addressing amount." ECF No. [191]. Plaintiff's response largely focuses on whether Plaintiff is entitled to fees, rather than directly addressing the issue of whether the Court should exercise its discretion to bifurcate the issues of entitlement and amount of attorneys' fees. *See generally* ECF No. [193].

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 54 provides that a "court may decide issues of liability for fees before receiving submissions on the value of services." Fed R. Civ. P. 54(d)(2)(C). Similarly Local Rule 7.3 states that "Pursuant to Federal Rule of Civil Procedure 54(d)(2)(C), either party may move the Court to determine entitlement prior to submission on the issue of amount."

"Fed. R. Civ. P. 42(b) establishes the general guidelines regarding when it is appropriate to bifurcate trials. It states the following as valid reasons for bifurcation: 'convenience, to avoid prejudice, or to expedite and economize.'" *Gables Ins. Recovery v. United Healthcare Ins. Co.*, No. 13-CV-21142, 2013 WL 4068786 (S.D. Fla. Aug. 12, 2013). A court in this district has applied the same guidelines "when deciding whether to bifurcate motions for attorney's fees and costs into entitlement and amount." *Id*. (citing *Rolls–Royce Commercial Marine, Inc., v. N.H. Ins. Co.,* No. 09-CV-61329, ECF Nos. [119]; [134] (S.D. Fla. Mar. 23, 2011)).

## III. DISCUSSION

Defendant argues that bifurcation is appropriate because "it would be more efficient and economical to permit the parties to fully brief the threshold issue of entitlement prior to addressing amount." ECF No. [191] at 3. Defendant then proceeds to explain why it believes Plaintiff failed to file a motion for attorneys' fees within the time prescribed by the local rule. Plaintiff responds that the "issue of entitlement and amount to be awarded should be resolved together once the Fee Motion is filed." ECF No. [193] at 6. Plaintiff does not argue why bifurcation would not be the most efficient manner to proceed, and instead presents her argument as to why entitlement should be decided in her favor.

Given the timing of Defendant's Motion to Bifurcate, prior to the filing of Plaintiff's Motion for Attorneys' Fees, and this issues raised therein, the Court agrees with Defendant that it

3

will be more efficient and in the interest of judicial economy to first consider the threshold issue of entitlement prior to addressing the amount.

## IV.     CONCLUSION

Accordingly, it is **ORDERED and ADJUDGED** that Defendant's Motion to Bifurcate, **ECF No. [191]**, is **GRANTED**. Plaintiff shall submit a Motion for Entitlement to Attorneys' Fees **no later than July 5, 2023**.

**DONE AND ORDERED** in Chambers at Miami, Florida, on June 14, 2023.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record