UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 1:20-cv-22791-BLOOM


VILMA MARQUEZ,

      Plaintiff,

v.

NATIONAL FIRE & MARINE
INSURANCE COMPANY,

      Defendant.

_____ /

## REPORT AND RECOMMENDATIONS

**THIS CAUSE** is before the Court upon Plaintiff Vilma Marquez's Motion for Entitlement to Attorneys' Fees and Costs.  (ECF No. 196).  Defendant National Fire & Marine Insurance Company filed a Response in opposition (ECF No. 197), to which Plaintiff filed a Reply (ECF No. 200).  The Motion was referred to the undersigned United States Magistrate Judge for disposition by the Honorable Beth Bloom, United States District Judge, pursuant to 28 U.S.C. § 636 and Magistrate Judge Rule 1 of the Local Rules of the Southern District of Florida.  (ECF No. 201).  Having considered the Motion, Response, Reply, the supporting materials attached thereto, the record as a whole, and being otherwise fully advised, the undersigned respectfully **RECOMMENDS** that the Motion be **DENIED** as untimely.

## I.    BACKGROUND

This is an action for breach of a homeowner's insurance policy issued by Defendant National Fire & Marine Insurance Company to Plaintiff Vilma Marquez and her spouse for their property located in Miami, Florida.  Plaintiff alleged that her insured property sustained a covered

loss, specifically water leaking from an interior wall, and that Defendant breached the insurance policy by failing or refusing to properly adjust and pay her claim.  The case was removed to this Court on July 7, 2020, under the Court's diversity jurisdiction, pursuant to 28 U.S.C. § 1332.  (ECF No. 1).

Defendant moved for summary judgment, which was granted in part and denied in part (ECF No. 71).  The case proceeded to trial before a jury in the Southern District of Florida, which lasted for 5 days.  (ECF Nos. 120, 122, 125, 130, 132).  On Day 5 of the trial on February 11, 2022, the Jury rendered its Verdict in favor of Plaintiff, awarding her $136,484.46.  (ECF No. 135).  On February 14, 2022, the District Court entered a Final Judgment in favor of Plaintiff, and against Defendant, in accordance with the Verdict.  (ECF No. 137).

On March 11, 2022, Defendant filed its Omnibus Post-Trial Motions on Liability and Damages, seeking renewed judgment as a matter of law under Federal Rule of Civil Procedure 50(b), to amend the judgment under Rule 59(e), or in the alternative, for a new trial under Rule 59(a).  (ECF No. 152).  The Omnibus Motions were denied on October 13, 2022.  (ECF Nos. 155, 179, 184).[1]

Approximately 3 months later, on January 24, 2023, Plaintiff filed a Motion to Compel Reissuance of Checks.  (ECF No. 185).  The motion sought the entry of an order compelling Defendant to reissue indemnity checks in the amount of $7,109.00 that Defendant had provided to Plaintiff in 2019 before this case was removed to this Court, and which had since lapsed/become void.  Plaintiff advanced no authority for the demand, which the Court construed as an untimely Rule 59(e) motion.  The motion was denied on May 5, 2023.  (ECF No. 189).

---

[1]  Plaintiff also filed a request to tax costs against Defendant under Rule 54(d)(1), 28 U.S.C. § 1920, and Local Rule 7.3(c).  (ECF Nos. 153, 154).  The request was granted, and Plaintiff was awarded $3,284.78 in taxable costs.  (ECF Nos. 176, 178).

On June 2, 2023, Plaintiff's expert witness on the issue of reasonable attorney's fees appeared and filed an expert report.  (ECF No. 190).  Defendant thereafter moved to bifurcate the determination of Plaintiff's entitlement to attorney's fees from the amount of the award of attorney's fees, noting that Plaintiff had served defense counsel with a draft motion for attorney's fees and costs on June 2, 2023, and arguing that Plaintiff's attorney's fees motion would be untimely.  (ECF No. 191).  The motion to bifurcate was granted.  (ECF No. 195).

Now, in her Motion for Entitlement to Attorneys' Fees and Costs, filed on June 30, 2023, Plaintiff seeks a determination that she is entitled to an award of attorney's fees under Federal Rule of Civil Procedure 54(d)(2), Southern District of Florida Local Rule 7.3(a), and Florida Statutes § 626.9373.[2]

## II.    DISCUSSION

Plaintiff first argues that she is entitled to attorney's fees and costs as the prevailing party under the now-repealed Florida Statutes § 626.9373.  Second, Plaintiff asserts that the instant Motion is timely pursuant to agreement of the Parties.  According to Plaintiff, the Parties have an enforceable agreement that they would stay resolution of Plaintiff's attorney's fees and costs "until the resolution of all post-trial matters," which Plaintiff contends occurred on May 5, 2023 upon the denial of her Motion to Compel Reissuance of Checks.  (ECF No. 196 at 7).  Third, Plaintiff argues in the alternative that good cause exists to permit her to file the instant Motion out of time based on excusable neglect, under Federal Rule of Civil Procedure 6(b).  And fourth, Plaintiff seeks the determination that she is entitled to costs not otherwise taxable under 28 U.S.C. § 1920, specifically expert witness costs for her causation and damages expert Al Brizuela.

---

[2]  Though in the present posture the instant Motion seeks only a determination that Plaintiff is entitled to an award of attorney's fees, Defendant has filed the Fee Sheet for Plaintiff's counsel's firm that was attached to the draft motion for attorney's fees Plaintiff submitted to Defendant during conferral.  (ECF No. 197-2).  The Fee Sheet reflects $1,196,842.00 in attorney's fees recorded, from September 26, 2019, through May 5, 2023.

In response, Defendant does not challenge Plaintiff's entitlement to attorney's fees as the prevailing party but instead first argues that Plaintiff's Motion for Entitlement is untimely. According to Defendant, the deadline to file the instant Motion was December 12, 2022, which was 60 days after the adjudication of Defendant's Omnibus Post-Trial Motions.  Defendant asserts that the Parties did not agree to an extension of the deadline to file motions for attorney's fees until adjudication of Plaintiff's Motion to Compel Reissuance of Checks, instead only agreeing to an extension until the resolution of Defendant's Omnibus Post-Trial Motions, as that was the only post-trial motion then filed.  Moreover, Defendant argues that Plaintiff cannot establish excusable neglect.  And last, Defendant argues that Plaintiff is not entitled to recover expert witness costs as a cost not taxable under § 1920, both on the merits and because the request is not timely.

In her Reply, Plaintiff reiterates that the Parties had agreed to the filing of a motion seeking attorney's fees after the resolution of post-trial matters.  She further reiterates in the alternative that the untimely filing was the result of excusable neglect because Plaintiff reasonably believed that the Parties had agreed to extend or stay the deadline to file the instant Motion until after the resolution of post-trial matters.  As to expert witness costs not taxable under 28 U.S.C. § 1920, Plaintiff asserts that she may properly recover those costs under Florida Statutes §§ 57.041 and 57.071.

As set forth below, the Court finds that Plaintiff's Motion is untimely.  Because Defendant concedes that Plaintiff would be entitled to attorney's fees if the Motion were timely, the entitlement determination hinges on a finding of excusable neglect.  Because Plaintiff fails to carry her burden of establishing excusable neglect, the District Court should deny the motion as untimely.

### A.      Plaintiff's Motion Is Untimely

Under Southern District of Florida Local Rule 7.3(a)(1), a motion for an award of attorney's fees and/or non-taxable expenses and costs arising from the entry of a final judgment or order "shall . . . be filed and served within sixty (60) days of the entry of the final judgment or order giving rise to the claim, regardless of the prospect or pendency of supplemental review or appellate proceedings." S.D. Fla. L.R. 7.3(a)(1). As the Eleventh Circuit explained in affirming the denial of a motion for attorney's fees as untimely under Local Rule 7.3(a)(1):

> The use of the disjunctive "or" indicates that the terms "final judgment" and "order giving rise to the claim" have separate meanings and that either is sufficient to trigger the Local Rule's 60-day deadline. *See Herrera v. U.S. Att'y Gen.*, 811 F.3d 1298, 1301 (11th Cir. 2016) ("The canons of construction ordinarily suggest that terms connected by a disjunctive be given separate meanings." (quotation marks omitted) (alterations adopted)). This view of Local Rule 7.3(a)(1) makes good sense. Specifically, it ensures that the Local Rule applies both in cases where there is a final judgment and in cases where there is not a final judgment but still a claim for attorney's fees. *See, e.g.*, *Ofarrill v. MMDO Corp.*, 2020 WL 4003644, at *1 (S.D. Fla. July 15, 2020) (unpublished) (final judgment); *PDVSA U.S. Litig. Tr. v. Lukoil Pan Ams. LLC*, 2019 WL 1258819, at *1 (S.D. Fla. Mar. 19, 2019) (unpublished) (order granting motion for sanctions); *Sun Capital Partners, Inc. v. Twin City Fire Ins. Co.*, 2016 WL 1730610, at *3 (S.D. Fla. Apr. 26, 2016) (unpublished) (order granting motion to compel).

*Lira v. Essentia Ins.*, 861 F. App'x 374, 377 (11th Cir. 2021).

In this case, the District Court entered Final Judgment in favor of Plaintiff and against Defendant, reserving jurisdiction to award Plaintiff attorney's fees and costs, on February 14, 2022. (ECF No. 137). The deadline to file a motion for attorney's fees and/or non-taxable costs in accordance with Local Rule 7.3(a)(1) was thus 60 days later, on April 15, 2022.

However, on March 11, 2022, Defendant timely filed its Omnibus Post-Trial Motions on Liability and Damages, seeking renewed judgment as a matter of law under Rule 50(b), to amend the judgment under Rule 59(e), or in the alternative, for a new trial under Rule 59(a). (ECF No. 152). Defendant's Omnibus Post-Trial Motions suspended the finality of the District Court's

Final Judgment, at least for purposes of appeal.  *See* Fed. R. App. P. 4(a)(4); *see, e.g.*, *Banister v. Davis*, 140 S. Ct. 1698, 1703 (2020) (Rule 59(e) motion suspends finality of judgment); *Pate v. Seaboard R.R.*, 819 F.2d 1074, 1084–85 (11th Cir. 1987) (observing that a motion for new trial suspends the finality of a judgment).

The undersigned has previously found that a motion for attorney's fees was timely filed more than 60 days after the entry of final judgment but prior to the resolution of/during the pendency of a Rule 59 motion for new trial.  *See Mendez v. Integrated Tech Grp., LLC*, No. 18-22059-CIV, 2020 WL 6826355, at *2–3 (S.D. Fla. Nov. 20, 2020).  Notwithstanding that Local Rule 7.3(a)(1) was amended such that the filing of a fee motion must occur within 60 days of the entry of final judgment, "regardless of the prospect or pendency of supplemental review or appellate proceedings," S.D. Fla. L.R. 7.3(a)(1), the undersigned found that the movant in *Mendez* had reasonably relied on Eleventh Circuit caselaw pre-dating amendment to that Local Rule.  *See id.*  Prior to the amendment requiring filing within 60 days irrespective of the pendency of any supplemental review (*e.g.*, a Rule 59(e) motion), the Eleventh Circuit caselaw relied on by the movant observed that "judgments do not actually become 'final' for purposes of an attorneys' fees motion until certain post-trial motions are adjudicated."  *Galdames v. N & D Inv. Corp.*, 432 F. App'x 801, 805 (11th Cir. 2011) (finding that a motion for attorney's fees was timely filed after the deadline set forth in the district court's local rules but before adjudication by the district court of a pending motion under Rule 59).  There has been no showing of reasonable reliance in that respect here.

Even if the District Court were to calculate the deadline under Local Rule 7.3(a)(1) from the date the District Court resolved Defendant's Omnibus Post-Trial Motions on October 13, 2022 (the date upon which the Final Judgment became "final" for purposes of appeal), the instant Motion

is still untimely.  From October 13, 2022, Plaintiff's motion for attorney's fees and/or non-taxable

costs was due 60 days later, on December 12, 2022.  Again, the instant Motion was not filed until

almost 7 months later, on June 30, 2023.  From either date—60 days from the entry of Final

Judgment or 60 days from the ruling on Defendant's Omnibus Post-Trial Motions—the instant

Motion is untimely.

Plaintiff represents that "the parties have an enforceable agreement that they would stay

the resolution of Plaintiff's attorneys' fees and costs until the resolution of all post-trial matters."

(ECF No. 196 at 7).  Accepting that representation as true for the sake of argument, the Parties'

agreement is neither self-executing nor binding on the District Court.  Plaintiff cites to a

bankruptcy case interpreting the effect of a release on the amount, validity, and priority of a secured

creditor's lien, for the proposition that courts should give effect to stipulations between the parties.

(ECF No. 196 at 7) (citing *In re Hollywell Corp.*, 49 B.R. 694 (S.D. Fla. 1985)).  An agreement to

release a lien is not analogous to a party's position on deadlines during pre-filing conferral, which

in effect is what was at issue here.  In any event, Local Rule 7.3(a)(1) is clear that a motion for

attorney's fees and/or non-taxable costs "shall" be filed and served within 60 days.  S.D. Fla. L.R.

7.3(a)(1).  "Local Rule 7.3's requirements are not optional, but mandatory."  *Comerica Bank v.*

*Everglades Dressage, LLC*, No. 20-81360, 2023 WL 2715824, at \*2 (S.D. Fla. Mar. 7, 2023),

*report and recommendation adopted*, No. 20-CIV-81360-RAR, 2023 WL 2714154 (S.D. Fla. Mar.

30, 2023) (quoting *Sriskada v. Harbor Pita, Inc.*, No. 14-20526-Civ-Martinez/Goodman, 2014

WL 3908206, at \*1 (S.D. Fla. Aug. 11, 2014)).

Thus, to the extent the Parties' agreement is to be given effect, the agreement constitutes

no more than non-opposition by Defendant to Plaintiff's unfiled motion for extension of time or

unfiled motion to stay the time to file a motion for attorney's fees under Local Rule 7.3(a), which

the District Court could have either granted or denied.  This is consistent with defense counsel's

response to Plaintiff's counsel's email on March 23, 2022, stating, "We are in agreement as to

your proposed motions to stay the fee and costs matters until after the resolution of the post-trial

motions."[3]  (ECF No. 196-1 at 7).

In that regard, Plaintiff did not file a motion for extension of time or a motion to stay the

time to file a motion for attorney's fees.  The deadline to file a motion for attorney's fees and/or

for non-taxable costs thus remained unchanged.  Instead, on January 24, 2023 and more than three

months after the resolution of Defendant's Omnibus Post-Trial Motions, Plaintiff filed a "Motion

to Compel Reissuance of Checks." (ECF No. 185).  The undersigned noted that Plaintiff's Motion

to Compel "advance[d] no authority for [Plaintiff's] novel demand for compensation above that

awarded by a jury, confirmed by this Court, and paid in full by Defendant."  (ECF No. 189 at 3).

Though Plaintiff did not identify the procedural vehicle under which the Motion to Compel was

brought, the motion most closely aligned with a motion to alter or amend the judgment under Rule

59(e).  (ECF No. 189 at 3).  The Motion to Compel was untimely when filed almost a year after

the entry of Final Judgment.  *See* Fed. R. Civ. P. 6(b)(2) (prohibiting courts from extending the

---

[3] Email communications between the Parties do not, in fact, reflect that Plaintiff and Defendant agreed to an extension or stay of the deadline to file the instant Motion for Entitlement until after May 2023 when the Motion to Compel Reissuance of Checks was decided.  Rather, Defendant's non-opposition to an extension was limited to resolution of Defendant's motion for new trial, which was disposed of on October 13, 2022.  On March 23, 2022, Plaintiff's counsel emailed Defendant's counsel asking:

> 1. Could we agree to stay the fee matters until after ruling on your motion for new trial?
> 2. Can we get two weeks on our response to same? We will agree to give you extra time on your reply.

(ECF No. 196-1 at 7–8).  That same day, Defendant's counsel responded:

> Counsel - I have spoken with our co-counsel regarding your below email.  We are in agreement as to your proposed motions to stay the fee and costs matters until after the resolution of the post-trial motions.  Also, we are in agreement to your motion for extension of time to respond to the post-trial motions for an additional two weeks.

(ECF No. 196-1 at 7).

time to file Rule 59(e) motions); Fed. R. Civ. P. 59(e) ("A motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment."); *Banister*, 140 S. Ct. at 1703 ("The time for doing so is short—28 days from entry of the judgment, with no possibility of an extension.").

For all these reasons, Plaintiff's Motion for Entitlement is untimely and may be denied on that basis alone, unless the District Court finds that Plaintiff has established excusable neglect. *Gustave v. SBE ENT Holdings, LLC*, No. 19-23961-CIV, 2022 WL 4096656, at *7 (S.D. Fla. Aug. 29, 2022), *report and recommendation adopted*, No. 19-23961-CIV, 2022 WL 4094554 (S.D. Fla. Sept. 7, 2022) ("[T]he Eleventh Circuit agrees that a violation of Local Rule 7.3 alone is a sufficient reason to deny a party's motion for attorney's fees.").

### B.    Excusable Neglect

Second, the Court finds that Plaintiff fails to bear her burden of establishing excusable neglect.

Plaintiff argues in the alternative that good cause exists to permit her to file the instant Motion out of time, based on excusable neglect and the *Pioneer* factors. First, Plaintiff argues that there is no danger of prejudice to Defendant in enlarging the time for Plaintiff to file the instant Motion because Defendant will have the opportunity to object to the reasonableness of the fees sought and has had notice of Plaintiff's intent to seek attorney's fees from the commencement of this case through entry of the Final Judgment, which stated that the District Court retained jurisdiction to award Plaintiff fees and costs. Second, Plaintiff argues that the length of the delay and impact on the proceedings weighs in favor of finding excusable neglect because Plaintiff's Motion was timely, all of Plaintiff's attorneys were in a two-week trial in November 2022 when the draft motion would otherwise have been due, and litigation of this case would have continued

9

regardless of when the instant Motion for Entitlement was filed.  And third, Plaintiff argues that the cause of the delay in filing the instant Motion was Plaintiff's and her counsel's reasonable belief that the Parties had a binding agreement to stay the resolution of fees and cost disputes until the resolution of all post-trial matters, which occurred on May 5, 2023.

In Response, Defendant argues that the Parties did not agree to an extension of the deadline to file the instant Motion until the resolution of Plaintiff's Motion to Compel Reissuance of Checks.  Instead, Defendant asserts that it agreed only to an extension of the deadline until the resolution of Defendant's Omnibus Post-Trial Motions because no other post-trial motions had been filed at the time the Parties came to their agreement.  With respect to the specific factors for excusable neglect, Defendant first argues that it would be prejudiced by the additional cost of litigating Plaintiff's fee motion.  Second, Defendant argues that the length of the delay is significant and was only further delayed by the filing of Plaintiff's Motion to Compel Reissuance of Checks.  Third, Defendant argues that Plaintiff's failure to comply with Local Rule 7.3(a)(1) was within Plaintiff's reasonable control.  Defendant notes that Plaintiff did not seek an extension of time or stay of the deadline to file the instant Motion, and that the emails exchanged between counsel do not reflect an agreement to stay the deadline until after the resolution of Plaintiff's Motion to Compel.  And fourth, Defendant suggests that Plaintiff's Motion to Compel was not filed in good faith and was instead filed so that Plaintiff could take the position that the 60-day deadline under Local Rule 7.3(a)(1) was tolled until the resolution of that motion.

Plaintiff argues in her Reply that Defendant advocates for an overly strict and narrow application of excusable neglect.  Plaintiff emphasizes that she reasonably believed a binding agreement tolled the time to file the instant Motion for Entitlement until after the resolution of her Motion to Compel.  Plaintiff otherwise reiterates the arguments advanced in her Motion.

Federal Rule of Civil Procedure 6(b) provides that "[w]hen an act may or must be done within a specified time, the court may, for good cause, extend the time . . . on motion made after the time has expired if the party failed to act because of excusable neglect."  Fed. R. Civ. P. 6(b).  "Although inadvertence, ignorance of the rules, or mistakes construing the rules do not usually constitute 'excusable' neglect, it is clear that 'excusable neglect' under Rule 6(b) is a somewhat 'elastic concept' and is not limited strictly to omissions caused by circumstances beyond the control of the movant."  *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 392 (1993).

The determination is an equitable one taking into account all the relevant circumstances regarding the movant's omission.  *Fisher v. Off. of State Att'y 13th Jud. Cir. Fla.*, 162 F. App'x 937, 940 (11th Cir. 2006) (applying *Pioneer*, which construed "excusable neglect" under Federal Rule of Bankruptcy Procedure 9006(b)(1), to the context of Federal Rule of Civil Procedure 6(b)).  This includes "the danger of prejudice to the [non-movant], the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith."  *Hurley v. Anderson*, No. 16-80102-CIV, 2017 WL 4304894, at *2 (S.D. Fla. May 30, 2017) (quoting *Pioneer*, 507 U.S. at 395).  "[P]rimary importance" is accorded "to the absence of prejudice to the nonmoving party and to the interest of efficient judicial administration[.]"  *Cheney v. Anchor Glass Container Corp.*, 71 F.3d 848, 850 (11th Cir. 1996).

However, the Eleventh Circuit has held "as a matter of law, that an attorney's misunderstanding of the plain language of a rule cannot constitute excusable neglect such that a party is relieved of the consequences of failing to comply with a statutory deadline."  *Advanced Estimating Sys., Inc. v. Riney*, 130 F.3d 996, 998 (11th Cir. 1997).

The Court has determined that Plaintiff's Motion for Entitlement is untimely.  In so doing, the Court has rejected Plaintiff's argument that the Parties had an enforceable agreement that they would stay the resolution of Plaintiff's attorney's fees and costs motions until the resolution of all post-trial matters.  Though Plaintiff argues that she and her counsel reasonably believed that there was a binding agreement between the Parties, Local Rule 7.3(a)(1) is clear in its requirements: a motion for an award of attorney's fees and/or non-taxable expenses and costs arising from the entry of a final judgment or order "*shall* . . . be filed and served within sixty (60) days of the entry of the final judgment or order giving rise to the claim, regardless of the prospect or pendency of supplemental review or appellate proceedings."  S.D. Fla. L.R. 7.3(a)(1) (emphasis added).  And as the Court noted, the Parties' agreement was not self-executing and did not supplant the deadline set forth in Local Rule 7.3(a)(1) absent approval by the Court.  Plaintiff has advanced no persuasive authority to the contrary.

Accordingly, the Court finds that the neglect alleged here arose from the misapprehension that Plaintiff could stipulate to a self-executing extension of the deadline under Local Rule 7.3(a)(1) without any approval or involvement by the District Court.

And because Plaintiff and/or her attorney misunderstood that the Parties could stipulate to a self-executing extension of the deadline under Local Rule 7.3(a)(1) when the Parties could not do so, the District Court need not consider the *Pioneer* factors.[4]  *See Hurley*, 2017 WL 4304894, at \*4 ("Because Plaintiffs' attorneys made a mistake of law and, under the law in this circuit, mistakes or ignorance as to the law cannot constitute 'excusable neglect,' the Court need not consider the factors set forth in *Pioneer*."); *see also Riney*, 130 F.3d at 998.

---

[4]  Moreover, and as noted above, the email communications between Plaintiff's counsel and Defendant's counsel reflect only Defendant's non-opposition to Plaintiff moving for an extension or stay of the deadline pending resolution of Defendant's motion for new trial, as requested by Plaintiff.  That motion was resolved on October 13, 2022.

Accordingly, the District Court should not find that the instant Motion for Entitlement was untimely due to excusable neglect.

### C.      Expert Witness Costs Not Taxable Under 28 U.S.C. § 1920

Because a motion for costs not taxable under 28 U.S.C. § 1920 is subject to the same 60-day deadline as a motion for attorney's fees under Local Rule 7.3(a)(1), the District Court should deny Plaintiff's request as untimely to the extent she seeks those costs.  S.D. Fla. L.R. 7.3(a)(1).

### III.      RECOMMENDATIONS

For the foregoing reasons, the undersigned respectfully **RECOMMENDS** that Plaintiff Vilma Marquez's Motion for Entitlement to Attorneys' Fees and Costs (ECF No. 196) be **DENIED** as untimely.

A party shall serve and file written objections, if any, to this Report and Recommendations with the Honorable Beth Bloom, United States District Judge for the Southern District of Florida, within **FOURTEEN (14) DAYS** of being served with a copy of this Report and Recommendations.  Failure to timely file objections will bar a *de novo* determination by the District Judge of anything in this recommendation and shall constitute a waiver of a party's "right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions."  11th Cir. R. 3-1 (2016); 28 U.S.C. § 636(b)(1)(C); *see also Harrigan v. Metro-Dade Police Dep't Station #4*, 977 F.3d 1185, 1191–92 (11th Cir. 2020).

**RESPECTFULLY SUBMITTED** in Chambers at Miami, Florida, on this 2nd day of October, 2023.

LAUREN F. LOUIS
UNITED STATES MAGISTRATE JUDGE

cc:      Honorable Beth Bloom
Counsel of Record