UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 20-cv-22791-BLOOM/Louis

VILMA MARQUEZ,

    Plaintiff,

v.

NATIONAL FIRE AND MARINE
INSURANCE COMPANY,

    Defendant.
_____/

### ORDER ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

**THIS CAUSE** is before the Court upon Plaintiff Vilma Marquez's Motion for Entitlement to Attorney's Fees and Costs ("Motion"), ECF No. [196]. Defendant National Fire & Marine Insurance Company ("Defendant") filed a Response in Opposition, ECF No. [197], to which Plaintiff filed a Reply, ECF No. [200]. The Motion was referred to the Honorable Lauren F. Louis, ECF No. [201]. On October 2, 2023, the Magistrate Judge issued the Report and Recommendation ("R&R"), ECF No. [202], recommending that the Motion be denied as untimely.

Plaintiff filed an Objection to the R&R, ECF No. [203], and Defendant filed a Response, ECF No. [204]. The Court has conducted a *de novo* review of the R&R and the Objection in accordance with 28 U.S.C. § 636(b)(1)(C). *See Williams v. McNeil*, 557 F.3d 1287, 1291 (11th Cir. 2009). The Court has considered the Motion, the R&R, the Objection, the Response, the record in this case, the applicable law, and is otherwise fully advised. For the reasons set forth below, the Court overrules Plaintiff's Objection and adopts the R&R.

## I. BACKGROUND

The Court assumes the parties' familiarity with the facts of this case and adopts the procedural history described in the R&R.

Plaintiff objects to the reasoning in the R&R and contends that: (a) Plaintiff is entitled to attorney's fees and costs as the prevailing party; (b) Plaintiff's Motion was timely based upon the purported agreement between the parties; (c) good cause exists under the *Pioneer* factors to allow Plaintiff to file her late Motion based upon excusable neglect; (d) expert witness costs should be taxed as costs not otherwise taxable under 28 U.S.C. § 1920. ECF No. [203] at 6-19. Defendant responds that the R&R is correctly reasoned and that each of Plaintiff's points is without merit.

## II. LEGAL STANDARD

"In order to challenge the findings and recommendations of the magistrate judge, a party must file written objections which shall specifically identify the portions of the proposed findings and recommendation to which objection is made and the specific basis for objection." *Macort v. Prem, Inc.*, 208 F. App'x 781, 783 (11th Cir. 2006) (quoting *Heath v. Jones*, 863 F.2d 815, 822 (11th Cir. 1989)) (alterations omitted). The objections must also present "supporting legal authority." S.D. Fla. L. Mag. J.R. 4(b). The portions of the report and recommendation to which an objection is made are reviewed *de novo* only if those objections "pinpoint the specific findings that the party disagrees with." *United States v. Schultz*, 565 F.3d 1353, 1360 (11th Cir. 2009); *see also* Fed. R. Civ. P. 72(b)(3). If a party fails to object to any portion of the magistrate judge's report, those portions are reviewed for clear error. *Macort*, 208 F. App'x at 784 (quoting *Johnson v. Zema Sys. Corp.*, 170 F.3d 734, 739 (7th Cir. 1999)); *see also Liberty Am. Ins. Grp., Inc. v. WestPoint Underwriters, L.L.C.*, 199 F. Supp. 2d 1271, 1276 (M.D. Fla. 2001). "It is improper for an objecting party to ... submit [ ] papers to a district court which are nothing more than a rehashing

of the same arguments and positions taken in the original papers submitted to the Magistrate Judge. Clearly, parties are not to be afforded a 'second bite at the apple' when they file objections to an R & R." *Marlite, Inc. v. Eckenrod*, No. 10-23641-CIV, 2012 WL 3614212, at *2 (S.D. Fla. Aug. 21, 2012) (quoting *Camardo v. Gen. Motors Hourly-Rate Emps. Pension Plan*, 806 F. Supp. 380, 382 (W.D.N.Y. 1992)). A district court may accept, reject, or modify a magistrate judge's report and recommendation. 28 U.S.C. § 636(b)(1).

### III.   DISCUSSION

The Court addresses each Objection in turn.

#### a. Entitlement to fees as the prevailing party

Plaintiff's first objection is that she is entitled to attorney's fees and costs as the prevailing party. However, Defendant does not challenge Plaintiff's entitlement to fees as the prevailing party. Rather, as Judge Louis correctly points out, the issue before the Court is not whether Plaintiff is entitled to the fees, but "entitlement hinges on a finding of excusable neglect." ECF No. [202] at 4. The Court does not need to address the issue of entitlement unless and until it finds that the untimeliness of Plaintiff's Motion for Attorney's Fees and Costs is excused. As found by Judge Louis and separately determined by this Court, Plaintiff has failed to carry her burden of establishing excusable neglect and adopts the R & R's reasoning.

#### b. The purported agreement between parties

Plaintiff next asserts that there was an enforceable agreement between the parties, rendering her Motion for Attorney's Fees and Costs timely. ECF No. [203] at 7. Plaintiff concedes that she is "mindful of district court opinions discussing the bright-line nature of the deadlines imposed by Local Rule 7.3." *Id*. However, Plaintiff argues that there are no express restrictions "precluding or limiting counsel's ability to extend deadline[s] to resolve attorney's fees and costs

3

pending the resolution of post-trial matters" in either the Federal Rules of Civil Procedure, or the Local Rules. ECF No. [203] at 7-8.

Defendant responds that it merely agreed to *not oppose* a potential motion to stay the time for filing a fee motion until after resolution of its Motion for a New Trial, included within its Omnibus Post-Trial Motions. ECF No. [204] at 7. Defendant argues that Plaintiff never filed a motion to stay or extend with the Court. *Id*. at 7. Accordingly, the deadline to file the Motion remained as April 15, 2022, and Plaintiff's counsel did not file the Motion until June 30, 2023. *Id*.

As Judge Louis correctly pointed out, Plaintiff's Motion was untimely, noting that "Local Rule 7.3(a)(1) is clear in its requirements: a motion for award of attorney's fees and/or non-taxable expenses and costs arising from the entry of a final judgment or order 'shall . . . . be filed and served within sixty (60) days of the entry of the final judgment or order giving rise to the claim.'" ECF No. [202] at 12; S.D. Fla. L.R. 7.3(a)(1). "'Local Rule 7.3's requirements are not optional, but mandatory.'" *Id*. at 7; *Comerica Bank v. Everglades Dressage, LLC*, No. 20-81360, 2023 WL 2715824, at *2 (S.D. Fla. Mar 7, 2023) (citations omitted). Plaintiff's assertion that she had an "enforceable agreement" to stay resolution of the issue of attorney's fees and costs was "neither self-executing nor binding on the District court." ECF No. [202] at 7. Therefore, as the Final Judgment in favor of Plaintiff was entered on February 14, 2022, the deadline to file a motion for attorney's fees and/or non-taxable costs was April 15, 2022. ECF No. [202] at 5. Plaintiff's Motion was not filed until June 30, 2023. *Id*. at 7.

### c. No good cause exists based on excusable neglect and the *Pioneer* factors

Plaintiff objects to the R&R's findings that Plaintiff's error was a mistake of law, precluding a determination of excusable neglect. ECF No. [201] at 11. Plaintiff argues that there was no mistake of law, citing to *Mendez v. Integrated Tech Grp., LLC*, No. 18-22059-CIV, 2020

4

WL 6826355, at *2-3 (S.D. Fla. Nov. 20, 2020) where a party was allowed to file a motion for attorney's fees past the 60-day deadline. ECF No. [203] at 11 n.9. Plaintiff failed to address the finding that "the movant in *Mendez* had reasonably relied on Eleventh Circuit caselaw pre-dating the amendment to that Local Rule." ECF No. [202] at 6. "There has been no showing of reasonable reliance in that respect here." *Id*.

As Judge Louis correctly points out, the neglect alleged was the mistaken belief that Plaintiff could "supplant the deadline set forth in Local Rule 7.3(a)(1) absent approval by the Court." ECF No. [202] at 12. "Because Plaintiff's attorneys made a mistake of law and, under the law in this circuit, mistakes or ignorance as to the law cannot constitute 'excusable neglect,' the Court need not consider the factors set forth in *Pioneer*." *Hurley v. Anderson*, No. 16-80102, 2017 WL 4304894, at *4 (S.D. Fla. May 30, 2017).

### e. Expert witness costs not taxable under 28 U.S.C. § 1920

Plaintiff objects to the R&R and argues that while costs for the services of an expert witness "are generally not taxable as costs in federal court" here, an expert was necessary to answer a critical question on causation. ECF No. [203] at 19. Plaintiff cites to Fla. Stat. § 626.9373 for support. Defendant argues that those costs are not recoverable under Fla. Stat. § 626.9373. Furthermore, if those costs were taxable, the prevailing party must comply with the deadlines as per S.D. Fla. L.R. 7.3(a). ECF No. [204] at 18.

As Judge Louis correctly points out, a motion for costs not taxable under 28 U.S.C. § 1920 is subject to the same 60-day deadline as a motion for attorney's fees. S.D. Fla. L.R. 7.3(a)(1); ECF No. [202] at 13. Accordingly, the Court finds the request untimely based on the record.

## IV. CONCLUSION

Upon a *de novo* review, the Court finds Magistrate Judge Louis' R&R to be well reasoned and correct on all matters.

Accordingly, it is **ORDERED and ADJUDGED** as follows:

1. The R&R, **ECF No. [202]**, is **ADOPTED**.

2. Plaintiff's Objections, **ECF No. [203]**, are **OVERRULED**.

3. Plaintiff's Motion for Attorney's Fees and Costs, **ECF No. [196]**, is **DENIED**.

**DONE AND ORDERED** in Chambers at Miami, Florida, on December 12, 2023.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record